## In the
# United States District Court
### For the
### Western District of Wisconsin

Tire Town Auto LLC,

     Plaintiff,

     v.                                     Case No. 24-cv-282

Wood County,

     Defendants.

# COMPLAINT

## I.    NATURE OF ACTION

101.    This is a civil rights action arising out of the unlawful termination of the Plaintiff's participation in the Defendant county's towing rotation, in violation of the Plaintiff's right to be free from deprivations of property without due process of law, secured to it by the Fourteenth Amendment to the Constitution of the United States.

## II.    JURISDICTION AND VENUE

201.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).

202.    The Western District of Wisconsin is the proper venue for this action because the Plaintiff's claims arose within the geographical boundaries of the Western District of Wisconsin within the meaning of 28 U.S.C. § 1391(b).

## III.    PARTIES

### A.    Plaintiff

301.    The Plaintiff, Tire Town Auto LLC, is a Wisconsin business entity with the capacity to sue and be sued in this Court.

### B.    Defendants

302.    Defendant Wood County, is a Wisconsin county with the capacity to sue and be sued in this Court.

303.    The wrongful acts alleged herein were carried out pursuant to a policy of Wood County.

## IV.    ALLEGATIONS OF FACT AS TO ALL CAUSES OF ACTION

401.    Tire Town Auto LLC, is an automobile service business at 4009 S Central Ave, Marshfield, WI 54449 that operates a towing service.

2

402.    Since at least 2015 Wood County has maintained a towing list, called the "Towing and Recovery Call Out List," under which its deputy sheriffs arrange for the removal of disabled vehicles from roads in the county by private towing services, like that operated by Tire Town Auto.

403.    Since 2015 Wood County has had in place a formal written policy entitled "Minimum Standards for Towing and Recovery Call Out List," which governs both the standards with which a towing company must comply to get on and stay on the towing rotation list, called the Towing and Recovery Call Out List, and the way in which towing companies will be selected to be called upon when a disabled vehicle is encountered.

404.    A copy of the Wood County "Minimum Standards for Towing and Recovery Call Out List," is attached hereto as complaint Exhibit A and made apart hereof by reference.

405.    The Towing and Recovery Call Out List sets specific standards for eligibility to be included on the List and provides, at paragraph 3.d., that "Any violation of applicable rules or laws or failure to meet the standards herein may result in suspension or exclusion from the call out list."

406.    The "Minimum Standards for Towing and Recovery Call Out List," was mailed out to Wood County towing companies on June 25, 2015, by Lori Heideman, the Wood county Dispatch Manager, with a letter that said in part:

> Also enclosed is a copy of a new towing policy that we are adopting. This policy comes directly from the Wisconsin State Patrol and has been agreed upon by all law enforcement agencies in Wood County.

3

407.    Being on the Towing and Recovery Call Out List, is a financial benefit to the towing companies on the list because they can charge the vehicle owners for towing operations to which they are assigned pursuant to the list.

408.    As of 2021, Tire Town Auto LLC, had been on the Towing and Recovery Call Out List for some time.

409.    On September 1, 2021, the Wood County dispatch center manager, Lori Heideman, sent Tire Town Auto LLC, a letter warning Tire Town that it service had not been religiously complying with the County's requirement for reflective vests.

410.    She said that if the service received more complaints regarding safety/safety issues at accident scenes, "the consequences can include removal of your services from the wrecker rotation."

411.    Then, on November 8, 2021, Ms. Heideman sent Tire Town Auto LLC, a letter to inform it that it was being dropped from the wrecker rotation permanently.

412.    This was based on alleged overcharging including charges in the amount of $450 for a car-deer accident and $350 for a USPS truck.

413.    Wood County never gave Tire Town Auto LLC, any notice that allegations of overcharging were being considered, or any opportunity to be heard on the question of whether it should be dropped from the Towing and Recovery Call Out List.

414.    If Tire Town Auto had been given a fair hearing, it could have avoided being removed from the Towing and Recovery Call Out List.

4

## V.      BASIS OF LIABILITY

### A.      Fourteenth Amendment.

501.    The Defendant, Wood County, violated Tire Town Auto LLC,'s right to be free from the deprivation of property without due process of law when it removed Tire Town Auto LLC from its Towing and Recovery Call Out List without granting it the opportunity for some kind of hearing conforming to the requirements of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

## VI.     DAMAGES.

### A.      Compensatory Damages.

601.    By virtue of the unlawful actions of the Defendant alleged above, Plaintiff Tire Town Auto LLC, suffered lost revenue, for which it seeks an award of compensatory damages in an amount deemed just by the Court.

## VII.    CONDITIONS PRECEDENT

701.    All conditions precedent to this action within the meaning of Rule 9(c), Fed. R. Civ. Pro., have been performed or have otherwise occurred.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays the court to grant a judgment against the Defendant awarding it damages, costs, attorney's fees and such other and further relief as the Court deems just.

Dated this Monday, April 29, 2024.

Respectfully submitted,

Tire Town Auto LLC,

Plaintiff,

By

THE JEFF SCOTT OLSON LAW FIRM, S.C.
JEFF SCOTT OLSON
State Bar Number 1016284
1025 Quinn Drive, Suite 500
Waunakee, WI  53597-2502
Phone:          608 283-6001
Fax:             608 283 0945
E-mail:         jsolson@scofflaw.com


/s/    Jeff Scott Olson

_____

Jeff Scott Olson

ATTORNEYS FOR PLAINTIFF

6