IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TIRE TOWN AUTO LLC,

                Plaintiff,                OPINION AND ORDER

    v.

                                                     24-cv-282-wmc

WOOD COUNTY,

                Defendant.

---

Plaintiff Tire Town Auto LLC ("Tire Town") brought this action under 42 U.S.C. § 1983 against defendant Wood County for an alleged violation of procedural due process under the Fourteenth Amendment after being terminated from participation in the county's "towing rotation call out list." Defendant now moves to dismiss plaintiff's amended complaint. (Dkt. #15.) For the reasons explained below, that motion will be granted.

ALLEGED FACTS[1]

Plaintiff Tire Town Auto LLC is an automobile service business in Wood County, Wisconsin that operates a towing service. Defendant Wood County is one of 72 Wisconsin counties recognized by statute and the state constitution with the capacity to sue and be sued, as well as located in the Western District of Wisconsin.

Wisconsin counties are empowered to establish emergency telephone systems to dispatch appropriate first responders to a caller's location efficiently. Wis. Stat. § 256.35. In

---

[1] In resolving a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court takes all factual allegations in the complaint, as well as all matters of public record, not only as true but views them in a light most favorable to plaintiff, drawing all reasaonble inferences in plaintiff's favor. *Killingsworth v. HSBC Bank Nev.*, 507 F.3d 614, 618 (7th Cir. 2007). The following alleged facts are drawn from plaintiff's first amended complaint (dkt. #14), except as otherwise noted.

2005, Wood County, in conjunction with the cities of Marshfield and Wisconsin Rapids, did exactly that, creating a unified dispatch center to receive calls and dispatch first responders, including towing services. Following unification, the Wood County Dispatch Center created the Minimum Standards for Towing and Recovery Call Out List ("Minimum Standards") for the express purpose of improving safety and efficiency, minimizing delays, and creating minimum business, equipment, and operator qualification standards. In 2015, the Minimum Standards were revised following feedback from law enforcement executives and then distributed to local towing companies, including plaintiff Tire Town.

The Minimum Standards state that "[e]ligible companies will be placed on the Wood County Dispatch Center towing and recovery call out list." The Minimum Standards further state that: "[a]ny violation of applicable rules or laws or failure to meet the standards herein may result in suspension or exclusion from the call out list"; that the "application and parent policy do not constitute a contract between [Wood County] and [the service provider]"; and "[Wood County] may withdraw its offer to any and all [service providers] at any time for any appropriate reason."

Being on this call-out list is obviously a financial benefit to companies, like Tire Town, who charge vehicle owners for tows and related repairs. As of 2021, Tire Town had been on the call-out list for a number of years. However, in September 2021, Tire Town received a letter from the Wood County Dispatch Center Manager Lori Heideman, warning that its employees were not consistently complying with the county's requirement that they wear reflective vests. This letter also warned that further complaints regarding safety-related issues "[could] include removal of [their] services from the wrecker rotation."

A little over two months later, Tire Town received a letter dated November 8, 2021,

2

again from Manager Heideman, advising that it was being dropped from the wrecker rotation permanently due to "several complaints of price [gouging]." Although advised that these complaints were recent, Tire Town was given no prior notice that allegations of overcharging were being considered, what the possible consequences would be if further complaints were received, *or* whether it had an opportunity to be heard on the issue before being dropped from the call-out list. Finally, Tire Town maintains that if it "had been given a fair hearing, it could have avoided being removed from the [call-out list]."

OPINION

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, (2007)). Moreover, a well-pleaded complaint may proceed if actual proof of those facts is improbable, or "that a recovery is very remote and unlikely." *Id*.

Plaintiff has alleged that defendant violated its procedural due process rights under the Fourteenth Amendment by removing plaintiff from defendant's call-out list without the opportunity to be heard. The Fourteenth Amendment to the United States Constitution provides in relevant part that "[n]o State shall make or enforce any law which shall ... deprive any person of life, liberty, or property, without due process of law." However, property interests "are not created by the [United States] Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent

source," such as state laws, ordinances, and contracts. *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972).  The Seventh Circuit has recognized that internal rules or policies may create property interests, but only when they have "the force of law."  *O'Hare Truck Serv., Inc. v. City of Northlake*, 47 F.3d 883, 886 (7th Cir.1995), *rev'd on other grounds*, 518 U.S. 712 (1996). Because property interests are defined by state law, this court must examine Wisconsin law to determine if it supports the claim.  *See id.* ("Because property interests are defined by reference to state law, we must look to whether Illinois law recognizes such a claim.") (internal citation omitted).

Here, plaintiff claims a property interest in being included on defendant's call-out list. Plaintiff concedes that this property interest does not arise out of statute, ordinance, or contract, implied or explicit, but instead out of requisite "force of law."  To support this conclusion, plaintiff highlights their allegations that the Minimum Standards were permitted by statute, written down, and distributed to towing service providers.  However, "outside the employment context (which is inapplicable because plaintiff is clearly not an employee)," *O'Hare*, 47 F.3d at 886, plaintiff has cited no Wisconsin statute or case law recognizing a property interest based on this type of policy under state law.  Accordingly, plaintiff has not pleaded a property interest protected by the Fourteenth Amendment. *Id.*; *see also S&S Rsch., Inc. v. Paulszcyk*,[2] 44 F. App'x 744 (7th Cir. 2002) (failing to identify any Wisconsin case recognizing a legal entitlement based on an informal policy of removing operators from a

---

[2] Circuit Rule 32.1(d) provides: "Citation of older orders. No order of this court issued before January 1, 2007, may be cited except to support a claim of preclusion (res judicata or collateral estoppel) or to establish the law of the case from an earlier appeal in the same proceeding." However, at the district court level no such prohibition has been recognized, and the *S&S Rsch.* opinion provides some guidance on this issue.

towing list only for sufficient cause).³

Despite the lack of any direct legal authority for its position, plaintiff argues that the meaning of "the force of law" in *O'Hare* should be read expansively to include defendant's Minimum Standards. In support, plaintiff directs the court to the meaning of "law" in the context of Wisconsin's governmental immunity jurisprudence. Specifically, "law" includes "statutes, administrative rules, policies or orders; it includes plans adopted by a governmental unit; [and] it includes contracts entered into by a governmental unit." *Meyers v. Schultz,* 2004 WI App 234, ¶ 19, 277 Wis. 2d 845, 690 N.W.2d 873. Under this definition, plaintiff argues that the court must conclude that the Minimum Standards created a property interest by force of law. However, this is undermined by the fact that Wisconsin courts have relied *only* on statutes, contracts, or common law jurisprudence to find property interests in due process litigation. *E.g., Vorwald v. Sch. Dist. of River Falls,* 167 Wis. 2d 549, 556, 482 N.W.2d 93 (1992), *Dep't of Health & Soc. Servs. v. State Pers. Bd.,* 84 Wis. 2d 675, 686, 267 N.W.2d 644 (1978). It is also undermined by the absence of any discussion related to this definition of law in cases analyzing whether a policy created a property interest. *E.g., Vorwald,* 167 Wis. 2d at 556, *Kirsch v. Endicott,* 201 Wis. 2d 705, 714, 549 N.W.2d 761 (Ct. App. 1996).

Plaintiff cites additional case law in an attempt to provide support for reading "force of law" broadly as a matter of good policy. (Dkt. #17 at 16-18.) However, these cases neither

---

³ Other circuits have similarly held that there is no property interest in towing assignments where no contract, statute, regulation, or case law supported the relationship. *See White Plains Towing Corp. v. Patterson*; 991 F.2d 1049 (2d Cir. 1993); *Piecknick v. Com. of Pa.*, 36 F.3d 1250 (3d Cir. 1994); *Blackburn v. City of Marshall*, 42 F.3d 925 (5th Cir. 1995); *Morley's Auto Body, Inc. v. Hunter*, 70 F.3d 1209 (11th Cir. 1995). Of course, removal for prohibited reasons, like race or sex, may be grounds to assert a viable federal claim. *Reget v. City of La Crosse*, 595 F.3d 691, 695 (7th Cir. 2010) ("The Equal Protection Clause of the Fourteenth Amendment prohibits state action that discriminates on the basis of membership in a protected class or irrationally targets an individual for discriminatory treatment as a so-called 'class of one.'").

demonstrate that Wisconsin law has adopted plaintiff's broad interpretation of "force of law" nor that policies setting minimum standards for towing lists create a protected property interest. To the contrary, *Gorman v. Robinson*, 977 F.2d 350 (7th Cir. 1992), and *Vail v. Bd. of Educ. of Paris Union Sch. Dist. No. 95*, 706 F.2d 1435, 1440 (7th Cir. 1983), *aff'd*, 466 U.S. 377 (1984), address the rights of employees, *not* of a commercial enterprise. *See O'Hare*, 47 F.3d at 886 (finding that cases dealing with an employee's property interest were inapplicable "because plaintiff is clearly not an employee"). Similarly, in *Rock River Health Care, LLC, v. Eagleson* 14 F.4th 768 (7th Cir. 2021), the Seventh Circuit held that the plaintiffs "have a legitimate claim of entitlement to reimbursement at the rate established under [Illinois state law and administrative code]," but not under any policy or other informal understanding. *Id.* at 774. Finally, *Kujawski v. Board of Comm'rs. Of Bartholomew County, Indiana*, 183 F.3d 734 (7th Cir. 1999), *City of St. Louis v. Praprotnik*, 485 U.S. 112 (1988), and *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970), ruled that municipalities may be held liable under *Monell* for practices and customs that are so permanent and widespread as to have "the force of law" but they do not mention or discuss Fourteenth Amendment procedural due process or property interests rights in any capacity.

  Even if the court accepted that the Minimum Standards had such "force of law" to require finding a property interest, plaintiff's argument still falls short legally. "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of *entitlement* to it." *Roth*, 408 U.S. at 577 (emphasis added). Here, the Minimum Standards -- however unfair plaintiff believes they are -- expressly provide that a failure to maintain standards may result in the immediate removal from the list. As a result,

6

the Minimum Standards did not create a legitimate claim of entitlement to remain on the list after failing to adhere to those standards. *Id.* at 578 (plaintiff had no property interest in reemployment where contract made no provision for renewal and, in the case of non-renewal, the defendant did not need to provide a reason or an opportunity for review or appeal).

In sum, plaintiff fails to direct this court to any statute, contract, or common law jurisprudence definitively holding that it has a property interest in being on defendant's call-out list for towing services. Instead, it asks this court to adopt such an expansive view of "the force of law" to create a property interest never adopted or even discussed in Wisconsin case law. For the reasons stated above, the court must decline plaintiff's request to expand the definition of property interest under Wisconsin law. Accordingly, the court will grant defendant's motion to dismiss.

## ORDER

IT IS ORDERED that:

1) Defendant's motion to dismiss (dkt. #15) is GRANTED.

2) The Clerk of Court is directed to enter judgment consistent with this opinion and close this case.

Entered this 25th day of April, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge